## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JERRY MCKEE**                                                        **PETITIONER**
**ADC #174370**

**v.**                            **Case No. 4:21-cv-00910-KGB**

**DEXTER PAYNE,** *Director,*                                          **RESPONDENT**
*Arkansas Division of Correction*

## <u>ORDER</u>

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe with respect to petitioner Jerry McKee's petition for *writ of habeas corpus* under 28 U.S.C. § 2254 (Dkt. No.17).  Mr. McKee filed several motions after Judge Volpe submitted his Proposed Findings and Recommendations, including motions for appointment of attorney of investigator, motion for extension of time, motion for procedural default, motion for abeyance or administrative stay, motion requesting a copy of the Attorney General's response, motions for discovery, and motion for in camera review and appointment of investigator or attorney (Dkt. Nos. 18–26, 30).  Mr. McKee also filed a "partial amended habeas," which was docketed as a motion to amend partially petition for *writ of habeas corpus* (Dkt. No. 27).[1]

For the following reasons, the Court denies without prejudice Mr. McKee's motions for appointment of attorney of investigator (Dkt. Nos. 18, 21).  The Court grants Mr. McKee's motion for extension of time and directs Mr. McKee to file his objections to Judge Volpe's Proposed

---

[1]  Mr. McKee subsequently filed a notice to the Court stating that Dkt. No. 27 "is not to amend [his] habeas corpus." (Dkt. No. 28).  Accordingly, the Court directs the Clerk of Court to term the motion and docket the filing as a notice to the Court, as the Court understands this to be what Mr. McKee intended with his filing.  When conducting its review of the record in this matter, the Court has considered this filing in reaching its decision.

Findings and Recommendations within 14 days of the entry of this Order (Dkt. No. 19). The Court denies without prejudice Mr. McKee's motion for procedural default (Dkt. No. 20). The Court denies without prejudice Mr. McKee's motion for abeyance or administrative stay (Dkt. No. 22). The Court grants Mr. Kee's motion requesting a copy of the Attorney General's Response (Dkt. No. 23). The Court denies without prejudice Mr. McKee's motions for discovery (Dkt. Nos. 24–26). The Court holds Judge Volpe's Proposed Findings and Recommendations under advisement (Dkt. No. 17).

### I.     Motions For Appointment Of Attorney Or Investigator

Mr. McKee asks that the Court appoint him counsel or an investigator (Dkt. Nos. 18, 21, 30). In his motions, Mr. McKee states that he is unable to get the information he needs to prove his claims because he is in prison serving a life sentence (*Id.*) Mr. McKee also represents that he has less than a seventh grade education (*Id.*).

A civil litigant does not have a constitutional or statutory right to appointed counsel, or any other appointed professional assistance; however, the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1); *see also Walker v. Shafer*, Case No. CIV. 16-5121-JLV, 2020 WL 2220183, at *1 (D.S.D. May 7, 2020) (citing *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)). The factors to consider in deciding whether to appoint counsel in a civil case are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). Moreover, courts evaluate factors such as "the complexity of the case, the ability of the indigent litigant to investigate facts, the existence of conflicting testimony, and the ability of the indigent to present

his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . .  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

The Court does not find that the nature of this litigation at this stage is such that Mr. McKee and the Court would benefit from the assistance of counsel.  The claims here do not appear legally or factually complex, and Mr. McKee's filings to date indicate that he is capable of prosecuting his claims without appointed counsel.  For these reasons, the Court denies without prejudice Mr. McKee's requests for appointed counsel and his request for an appointed investigator (Dkt. Nos. 18, 21, 30).

## II.     Motion For Extension Of Time

Mr. McKee filed a motion for extension of time to file objections to Judge Volpe's Proposed Findings and Recommendations (Dkt. No. 19).  In his motion, Mr. McKee represents that the printer in the law library is not functioning and that he has not received a copy of the Attorney General's response to his petition for a *writ of habeas corpus* (*Id.*).  Judge Volpe entered his Proposed Findings and Recommendations on December 13, 2021 (Dkt. No. 17).  The Proposed Findings and Recommendations directed that, "[t]o be considered, objections must be filed within 14 days."  (*Id.*, at 1).  The deadline for filing objections was therefore December 27, 2021.  Mr. McKee's motion for extension of time is dated December 27, 2021, but was not filed until January 3, 2022 (Dkt. No.  19).  Accordingly, the Court considers Mr. McKee's request timely and grants his motion for extension of time (Dkt. No. 19).  Mr. McKee has an additional 14 days from the entry of this Order, up to and including September 13, 2022 to submit his objections to Judge Volpe's Proposed Findings and Recommendations.

### III.     Motion For Procedural Default

Mr. McKee filed a motion for procedural default against the Attorney General and Judge Volpe (Dkt. No. 20).  The doctrine of procedural default prevents federal courts from reviewing the merits of a claim, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.  *Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747–48 (1991); *Wainwright v. Sykes*, 422 U.S. 72, 84–85).  Mr. McKee's motion for procedural default does not appear to relate adequately to the procedural default doctrine (Dkt. No. 20, at 1).  He claims that since the state is "procedurally barring [him] from filing his constitutional claims in [this Court] . . . it would seem that they would be procedurally barred from responding" (*Id.*).  Mr. McKee's motion is without merit, and the Court denies without prejudice Mr. McKee's motion (Dkt. No. 20).

### IV.     Motion For An Abeyance Or Administrative Stay

Mr. McKee filed a motion for an abeyance or administrative stay (Dkt. No. 22).  In that motion, Mr. McKee argues that an abeyance or administrative stay would be in the "best interests of justice and will also give y'all a chance to recognize that a miscarriage of justice has happened." (*Id.*, at 1).  He also argues that a stay would allow him to build his case and present the Court  with all the evidence in his favor (*Id.*, at 1–2).

The Court has reviewed controlling authority.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006).  Having reviewed the entire record before the Court, Mr. McKee has not demonstrated good cause for his failure to exhaust his claims in state court nor has he demonstrated that his unexhausted claims are potentially meritorious.  As a result, and given the Court's ruling granting Mr. McKee 14 additional days to respond to Judge

Volpe's Proposed Findings and Recommendations, the Court declines to stay proceedings at this time.  The Court denies Mr. McKee's motion for an abeyance or administrative stay (Dkt. No. 22).

### V.      Motion Requesting A Copy Of The Attorney General's Response

Mr. McKee filed a motion requesting a copy of the Attorney General's response (Dkt. No. 23).  According to Mr. McKee, he has not received a copy of the Attorney General's response to his petition for *writ of habeas corpus* (*Id.*).  The Court acknowledges that Mr. McKee made a similar representation in his motion for extension of time (Dkt. No. 19).  For good cause shown, the Court grants Mr. McKee's motion (Dkt. No. 23).  The Clerk of Court is directed to send to Mr. McKee a copy of Respondent Dexter Payne's response to Mr. McKee's petition (Dkt. No. 10).

### VI.     Motions For Discovery

On February 2, 2022, April 11, 2022, and May 31, 2022, Mr. McKee filed motions for discovery and subpoenas for video files (Dkt. Nos. 24–26).  Mr. McKee seeks body camera video, interrogation video, videos from proceedings unrelated to his trial, and video of his trial (*Id.*).  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing § 2254 Cases provides that leave of the court is required before a party may conduct discovery in a proceeding under 28 U.S.C. § 2254.  "A party requesting discovery must [also] provide reasons for the request."  Rule 6(b) of the Rules Governing § 2254 Cases.  When a party requests discovery in a *habeas* case, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Rule 6(a) of the Rules Governing § 2254 Cases.  "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the

facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 909 (1997)).

Respondent Payne has responded to Mr. McKee's petition and has furnished the Court with the complete transcripts of the state proceedings and relevant appellate filings (Dkt. No. 10).  The Court views these exhibits as relevant to the issues raised in the petition.  The Court also notes that Mr. McKee will receive a copy of Director Payne's response following entry of this Order.  For these reasons, the Court denies without prejudice Mr. McKee's motions for discovery (Dkt. Nos. 24–26).

### VII.    Conclusion

It is therefore ordered that:

1.      The Court denies without prejudice Mr. McKee's motions for appointment of counsel or investigator (Dkt. Nos. 18, 21, 30).

2.      The Court grants Mr. McKee's request for an extension of time to file objections to Judge Volpe's Proposed Findings and Recommendations (Dkt. No. 19).  He shall have an additional 14 days, up to and including September 13, 2022, to submit his objections.

3.      The Court denies without prejudice Mr. McKee's motion for procedural default (Dkt. No. 20).

4.      The Court denies without prejudice Mr. McKee's motion for abeyance or administrative stay (Dkt. No. 22).

5.      The Court grants Mr. McKee's motion request for a copy of the Attorney General's response  (Dkt No. 23).  The Clerk of Court is directed to send to Mr. McKee a copy of Respondent Dexter Payne's response to his petition for a *writ of habeas corpus*, including  all attached exhibits (Dkt. No. 10).

6.      The Court denies without prejudice Mr. McKee's motions for discovery (Dkt. Nos. 24–26).

7.      The Court holds Judge Volpe's Proposed Findings and Recommendations under advisement (Dkt. No. 17).

It is so ordered this 30th, day of August, 2022.

Kristine G. Baker
United States District Judge