THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY MCKEE**                                                                                                       **PETITIONER**
**ADC #174370**

v.                                            **Case No. 4:21-cv-00910-KGB**

**DEXTER PAYNE,** *Director,*                                                                                  **RESPONDENT**
*Arkansas Division of Correction*

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe and several post-recommendation motions submitted by plaintiff Jerry McKee (Dkt. Nos. 17; 33; 35-41; 46; 47; 49; 50; 52; 55; 57; 59; 61; 64; 66-69). By prior Order dated August 30, 2022, the Court extended until September 13, 2022, Mr. McKee's deadline to respond to Judge Volpe's Recommendation (Dkt. No. 32). Mr. McKee filed objections and made later filings the Court will construe as objections to the Recommendation (Dkt. Nos. 42-44; 53). After careful review of the Recommendation, Mr. McKee's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 17). The Court rules as follows on the Recommendation, Mr. McKee's objections, and his pending motions.

   **I.     Judge Volpe's Recommendation And Mr. McKee's Objections**

Mr. McKee, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 petition for writ of *habeas corpus* and addendum to petition for writ of *habeas corpus* (Dkt. Nos. 1; 9). A jury in Greene County, Arkansas, convicted Mr. McKee of rape, and he was sentenced to life in prison (Dkt. No. 10-5, at 86-87). Mr. McKee took a direct

appeal, was represented by counsel during that appeal, and had his conviction and sentence affirmed by the Arkansas Supreme Court. *McKee v. State*, 608 S.W.3d 584, 589 (Ark. 2020).

Mr. McKee asserted numerous claims in his petition and addendum to the petition, each of which Judge Volpe examined in his Recommendation (Dkt. No. 17). Judge Volpe recommends that the Court dismiss with prejudice Mr. McKee's § 2254 petition and that a certificate of appealability not be issued (*Id.*, at 16). Having reviewed the Recommendation, Mr. McKee's objections, and the record *de novo*, this Court agrees.

By prior Order, the Court granted Mr. McKee's motion for extension of time and allowed Mr. McKee an additional 14 days, up to and including September 13, 2022, to submit his objections to Judge Volpe's Recommendation (Dkt. No. 32). Mr. McKee filed a motion to excuse lateness of response on September 19, 2022 (Dkt. No. 38). However, Mr. McKee did not file objections until November 2, 2022, and November 3, 2022 (Dkt. Nos. 42; 43). He also made a filing on November 9, 2022, that he titles reasons for relief against Magistrate Judge's Recommendation and Rule 37.1 and made a filing on January 12, 2023, that he titles response for Magistrate Judge, both filings this Court construes as objections (Dkt. Nos. 44; 53). Because Mr. McKee is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Having reviewed the record *de novo*, the Court overrules Mr. McKee's objections to the Recommendation. Many of his objections break no new ground, with his arguments and points having been previously addressed and rejected in this matter (Dkt. No. 17). To the extent Mr. McKee attempts in his objections to raise new claims for relief, not previously asserted in his § 2254 petition, these new claims are not properly asserted and may not be considered by the Court.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that Mr. McKee has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  As a result, the Court determines that no certificate of appealability should issue.

**II.     Motions**

The Court examines each of Mr. McKee's pending motions in turn.

        **A.     Motion To Consolidate And Motion To Amend Motion To Consolidate**

Mr. McKee filed a motion to consolidate all documents related to this case (Dkt. Nos. 33; 34 (clarifying a docket correction regarding the attachment to Dkt. No. 33)).[1]  In his motion, Mr. McKee states, "I need all documents consolidated.  I do not have time to rewrite everything . . . . I do not want to amend because amend seems to throw away.  I do not want to throw away anything I have written." (*Id.*, at 1).  Mr. McKee also filed a motion to amend or correct his motion to consolidate, requesting that additional pages inadvertently included with his filing be removed (Dkt. No. 39).

The Court grants Mr. McKee's motion to amend or correct his motion to consolidate (Dkt. No. 39).  The Clerk clarified the docket entry regarding the attachment to Mr. McKee's motion to consolidate (Dkt. No. 34).  With respect to his pending motion to consolidate, it is unclear to the Court what documents Mr. McKee seeks to consolidate in this action.  Because the Court is unable to determine from his filing what relief Mr. McKee seeks, the Court denies without prejudice Mr. McKee's motion to consolidate (Dkt. No. 33).

---

[1] The Court notes that Docket Number 33 still contains content that is unrelated to this case.  Mr. McKee's motion to consolidate is included as an exhibit to Docket Number 33, making it Docket Number 33-1.  The Court will refer to this motion to consolidate as Docket Number 33.

### B. Motions For Subpoenas For Videos And Other Information

Mr. McKee files motions for subpoenas, videos, phone records, and other information (Dkt. Nos. 35; 36; 47; 50; 57; 66). Mr. McKee previously filed a motion for discovery or subpoenas seeking much of the same information and material as he currently seeks (Dkt. No. 11). Judge Volpe denied Mr. McKee's motion (Dkt. No. 13). This Court also previously ruled on and denied similar motions filed by Mr. McKee (Dkt. No. 32, at 5-6).

Mr. McKee now maintains that the videos will demonstrate why he is innocent (Dkt. No. 35, at 2). In his first motion for subpoenas for videos and other information, he seeks body camera footage from his arrest and the trial video (Dkt. No. 35). In his second motion for subpoenas for videos and other information, he seeks the interrogation video of CT (Dkt. No. 36). In addition, he files a supplemental motion for subpoenas and videos and a second motion to supplement his motion for subpoenas for videos and other information (Dkt. Nos. 37; 41). He also files motions for discovery of videos with audio (Dkt. Nos. 50; 57).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna,* 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley,* 520 U.S. 899, 904 (1997)). Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 Cases permits a court to allow such discovery on a showing of good cause. *Bracy,* 520 U.S. at 904. In determining whether good cause has been shown, the Court must consider the essential elements of Mr. McKee's substantive claims and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Id.* at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Mr. McKee has failed to establish that, if the facts are further developed, he will be entitled to habeas relief. *See Newton,* 354 F.3d at 783.

Discovery is not appropriate at this stage of Mr. McKee's § 2254 *habeas corpus* proceeding. The Court denies his motions (Dkt. Nos. 35; 36; 37; 41; 47; 50; 57; 66).

### C. Motion To Excuse Lateness Of Response

Mr. McKee filed a motion to excuse lateness of response (Dkt. No. 38). In this motion, he represents that he sent five different sealed letters to the mailroom before mail pickup on September 13, 2022 (*Id.*, at 1). The Court construes this as a motion by Mr. McKee to excuse the lateness of his objections to the Recommendation. The Court grants the motion to the extent Mr. McKee seeks for this Court to consider all of his filings to date (*Id.*).

The Court has reviewed the Recommendation, Mr. McKee's objections, and the entire record in this case, including but not limited to his objections to the Recommendation, *de novo* prior to reaching the Court's determination on Mr. McKee's pending § 2254 *habeas corpus* petition.

### D. Motions For Appointment Of Attorney Or Investigator

Mr. McKee files numerous motions for appointment of attorneys or investigator (Dkt. Nos. 40; 46; 61). The Court previously ruled on and denied similar motions filed by Mr. McKee (Dkt. No. 32, at 2-3).

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [the appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997); *see also Pennsylvania v. Finley,* 481 U.S. 551, 555-57 (1987). A habeas proceeding is civil in nature and "the Sixth Amendment's right to counsel afforded for criminal proceedings does not apply." *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). The Court, however, may appoint counsel for a *pro se* petitioner seeking federal habeas relief when "the interests of justice so require." *Hoggard,* 29 F.3d at 471; 18 U.S.C. § 3006A(a)(2)(B). The

interests of justice do not require appointment of counsel for Mr. McKee based on this Court's *de novo* review of the entire record before it. The Court denies Mr. McKee's motions (Dkt. Nos. 40; 46; 61).

### E.   Motion To Supplement Prior Notice

Mr. McKee files a motion to supplement a prior notice he filed regarding search, seizure, and custody for what he terms "the two-step *Miranda*" (Dkt. Nos. 49; 27). The Court grants the motion to supplement to the extent Mr. McKee seeks for this Court to consider all of his filings to date (Dkt. No. 49). The Court has reviewed the Recommendation, Mr. McKee's objections, and the entire record in this case, including but not limited to his notice and his motion to supplement the notice, *de novo* prior to reaching the Court's determination on Mr. McKee's pending § 2254 *habeas corpus* petition.

### F.   Motion To Amend Prior Filings About Warrants

Mr. McKee files a motion to amend several prior filings about warrants (Dkt. Nos. 27; 47; 49; 50). The Court grants the motion to the extent Mr. McKee seeks for this Court to consider all of his filings to date (Dkt. No. 52). The Court has reviewed the Recommendation, Mr. McKee's objections, and the entire record in this case, including but not limited to his notice and his motion to supplement the notice, *de novo* prior to reaching the Court's determination on Mr. McKee's pending § 2254 *habeas corpus* petition.

### G.   Motion For Time

Mr. McKee files a motion for time (Dkt. No. 55). He seeks additional time to amend his § 2254 petition for *habeas corpus* "to possibly make it less confusing." (*Id.*, at 2). He claims that he still needs "to get the coerced confession and third party stuff in it." (*Id.*). Mr. McKee has pending a § 2254 petition for *habeas corpus* which he previously supplemented and to which defendants

responded (Dkt. Nos. 1; 9; 10), and Magistrate Judge Volpe has issued a Recommendation on the petition (Dkt. No. 17). The Court will not extend the time for Mr. McKee to amend his § 2254 petition at this point in the litigation. The motion is denied (Dkt. No. 55).

### H.     Motions To Amend *Habeas Corpus*

Mr. McKee has filed a document he titles "amended habeas corpus" (Dkt. No. 59). The Court construes this as a motion to amend his pending § 2254 petition for *habeas corpus*. Mr. McKee also files supplemental motions to amend his petition for writ of *habeas corpus* and a motion to change his prior filing to a supplement to his *habeas corpus* petition, instead of being called an amended *habeas corpus* (Dkt. Nos. 64; 67; 69). Mr. McKee has pending a § 2254 petition for *habeas corpus* which he previously supplemented and to which defendants responded (Dkt. Nos. 1; 9; 10), and Magistrate Judge Volpe has issued a Recommendation on the petition (Dkt. No. 17). The Court will not permit Mr. McKee to amend his § 2254 petition at this point in the litigation. The motions are denied (Dkt. Nos. 59; 64; 67; 69).

### I.     Motion For Copies

Mr. McKee files a motion for copies (Dkt. No. 68). He requests a copy of his original *habeas corpus* petition (*Id.*). The Court grants the motion for copies (*Id.*) and directs the Clerk to send to Mr. McKee a copy of his § 2254 petition for *habeas corpus* and the supplement to it (Dkt. Nos. 1; 9).

### III.    Conclusion

It is therefore ordered as follows:

(1)     The Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 17). Mr. McKee's §

2254 petition for *habeas corpus* and the supplement to it are dismissed with prejudice (Dkt. Nos. 1; 9).

(2)   The Court determines that no certificate of appealability should issue.

(3)   The Court grants Mr. McKee's motion to amend or correct his motion to consolidate (Dkt. No. 39). The Clerk clarified the docket entry regarding the attachment to Mr. McKee's motion to consolidate (Dkt. No. 34). The Court denies without prejudice Mr. McKee's motion to consolidate (Dkt. No. 33).

(4)   The Court denies Mr. McKee's motions seeking discovery, subpoenas, videos, and information (Dkt. Nos. 35; 36; 37; 41; 47; 50; 57; 66).

(5)   The Court grants Mr. McKee's motion to excuse lateness of response to the extent Mr. McKee seeks to have this Court consider all of his filings to date (Dkt. No. 38).

(6)   The Court denies Mr. McKee's motions for appointment of attorneys or investigators (Dkt. Nos. 40; 46; 61).

(7)   The Court grants Mr. McKee's motion to supplement a prior filing (Dkt. No. 49).

(8)   The Court grants Mr. McKee's motion to amend several prior filings about warrants (Dkt. No. 52).

(9)   The Court denies Mr. McKee's motion for an extension of time to amend his § 2254 petition (Dkt. No. 55).

(10)   The Court denies Mr. McKee's motions to amend his § 2254 petition (Dkt. Nos. 59; 64; 67; 69).

(11)   The Court grants Mr. McKee's motion for copies (Dkt. No. 68), and the Court directs the Clerk to send to Mr. McKee a copy of his § 2254 petition for *habeas corpus* and the supplement to it (Dkt. Nos. 1; 9).

So ordered this 28th day of September, 2023.

Kristine G. Baker
United States District Judge