**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JERRY MCKEE** **PETITIONER**
**ADC #174370**

**v.** **Case No. 4:21-cv-00910-KGB**

**DEXTER PAYNE, *Director,*** **RESPONDENT**
***Arkansas Division of Correction***

**ORDER**

Before the Court are plaintiff Jerry McKee's motions for a certificate of appealability (Dkt. Nos. 80; 81) and Mr. McKee's motion for appointment of counsel and/or investigators (Dkt. No. 82). The Court will first address Mr. McKee's motions for certificate of appealability and then Mr. McKee's motion for appointment of counsel and/or investigators.

**I. Motions For Certificate Of Appealability**

First, the Court addresses Mr. McKee's motions for certificate of appealability (Dkt. Nos. 80; 81). On September 28, 2023, the Court entered a Judgment in this matter dismissing with prejudice Mr. McKee's petition for a writ of *habeas corpus* and declining to issue a certificate of appealability (Dkt. No. 76). On November 7, 2023, Mr. McKee filed a motion requesting more time to file a motion for a certificate of appeal and notice for an appeal (Dkt. No. 77). On November 13, 2023, the Court denied Mr. McKee's motion requesting more time to file a motion for a certificate of appeal and notice for an appeal and informed him that he may refile his motion for a certificate of appealability with the Eighth Circuit Court of Appeals (Dkt. No. 78, at 2).

On December 18, 2023, the Eighth Circuit Court of Appeals received a filing from Mr. McKee that was titled as a "notice of appeal" (Dkt. No. 79). The content of the filing requests a certificate of appealability (*Id.*). The Clerk of Court for the Eighth Circuit construed that document

as a notice of appeal, forwarded it to this Court, and directed the Clerk of Court to file it as received on December 18, 2023 (*Id.*, at 2). On December 26, 2023, the Eighth Circuit received another filing from Mr. McKee that is titled motion/petition for a certificate of appealability with brief and motion for expansion of the record with discovery (Dkt. No. 81). The Eighth Circuit construed this document as a notice of appeal, forwarded the filing to this Court, and directed the Clerk of Court to file it as received on December 26, 2023 (*Id.*, at 11).

On December 27, 2023, this Court received Mr. McKee's first filing made in the Eighth Circuit (Dkt. Nos. 79; 80). The Clerk of Court filed this document using two docket entries, one noting it as a notice of appeal (Dkt. No. 79) and one noting it as a motion for certificate of appealability (Dkt. No. 80). On January 3, 2024, this Court received Mr. McKee's second filing made in the Eighth Circuit (Dkt. No. 81). The Clerk of Court filed the document as a motion for certificate of appealability (*Id.*).

"A document filed *pro se* is 'to be liberally construed . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Clerk of Court for the Eighth Circuit Court of Appeals construed the first filing it received from Mr. McKee as a notice of appeal, and this Court agrees (Dkt. No. 79, at 2). The Court joins the Clerk of Court for the Eighth Circuit in its understanding that this document constitutes a notice of appeal in this matter (*Id.*). In addition, the Court also understands this document to constitute a motion for certificate of appealability (Dkt. No. 80). The Court understands the second filing Mr. McKee sent to the Eighth Circuit to constitute a motion for certificate of appealability as well (Dkt. No. 81).

The Court understands that Mr. McKee sought to make his motion for a certificate of appealability in the Eighth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b), as instructed in this Court's previous Order (Dkt. No. 78). However, Mr.

McKee's filings with the Eighth Circuit were forwarded to this Court because he had not yet filed a notice of appeal in this Court. Therefore, the Court will rule on Mr. McKee's motions for certificate of appealability insofar as they are made in this Court (Dkt. Nos. 80; 81). Given that the Court has already declined to issue a certificate of appealability to Mr. McKee (Dkt. Nos. 75, at 3; 76), the Court denies Mr. McKee's motions for certificate of appealability (Dkt. Nos. 80; 81).

Now that a notice of appeal has been filed in this Court (Dkt. No. 79) and the motions for certificate of appealability filed in this Court have been addressed (Dkt. Nos. 80; 81), the Eighth Circuit Court of Appeals will have official notice of Mr. McKee's appeal. The Court directs Mr. McKee to refile his motions for certificate of appealability with the Eighth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b).

**II. Motion to Appoint Counsel**

Second, the Court addresses Mr. McKee's motion for appointment of counsel and/or investigators, which the Court understands as a motion to appoint counsel (Dkt. No. 82). Mr. McKee states that he is indigent, has no competent assistance with this matter, and "will never get out of prison without help from somebody outside." (*Id.*). Further, Mr. McKee states that if he is "allowed to have help[,] the stuff [he] has written from Doc. 1 thru Doc. 74 can be proven . . . ." (*Id.*). Mr. McKee has previously stated that he has less than a seventh-grade education and that "[t]rying to figure out how to understand law without help is kinda [sic] like trying to jump over the moon without a rocket." (Dkt. No. 81, at 1). Based on the "received" stamp applied by the Eighth Circuit, the Court also understands that Mr. McKee originally sent this motion to the Eighth Circuit.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756

(8th Cir. 1997) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555–57 (1987); *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir. 1981)). District courts "may appoint counsel for a habeas petitioner when 'the interests of justice so require.'" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994); citing 18 U.S.C. § 3006A(a)(2))). The interests of justice require that a court appoint counsel if there is an evidentiary hearing related to the *habeas* petition. *Id.* (citing *Abdullah*, 18 F.3d at 573). In considering a motion to appoint counsel, the Court should analyze: (1) "the legal complexity of the case," (2) "the factual complexity of the case," (3) "the petitioner's ability to investigate and present his claims," and (4) "any other relevant factors." *Id.*

The Court understands Mr. McKee in his motion to request counsel on appeal because this Court has already denied Mr. McKee's petition (Dkt. No. 75) and Mr. McKee originally sent his motion to the Eighth Circuit (Dkt. No. 82). However, because the motion was forwarded to this Court by the Eighth Circuit, the Court will address the motion as if it were made in this Court.

The Court held no evidentiary hearing in this matter and denied with prejudice Mr. McKee's *habeas* petition (Dkt. No. 75, at 7–8). Therefore, the interests of justice do not explicitly require the appointment of counsel. The Court denied without prejudice Mr. McKee's previous motions to appoint counsel (Dkt. No. 32, at 2–3). At that point in the litigation, the Court found that neither Mr. McKee nor the Court would benefit from counsel being appointed, Mr. McKee's claims do not appear legally or factually complex, and Mr. McKee's filings to date indicate that he is capable of prosecuting his claims without appointed counsel (*Id.*, at 3). The Court maintains those determinations at this point in the litigation and denies Mr. McKee's motion to appoint counsel insofar as it was made in this Court (Dkt. No. 82). Mr. McKee may refile his motion to appoint counsel with the Eighth Circuit Court of Appeals.

## III. Conclusion

Based on the foregoing, the Court denies as moot McKee's motions for a certificate of appealability (Dkt. Nos. 80; 81) and denies Mr. McKee's motion for appointment of counsel and/or investigators, which the Court understands as a motion to appoint counsel (Dkt. No. 82). The Court understands that Mr. McKee originally meant to file these documents with the Eighth Circuit Court of Appeals, but because there was no notice of appeal in this case, these motions were forwarded from the Eighth Circuit to this Court. Now that a notice of appeal has been filed and the Court has issued rulings upon the motions for certificate of appealability and to appoint counsel, Mr. McKee may refile these motions with the Eighth Circuit Court of Appeals.

It is so ordered this 28th day of August, 2024.

Kristine G. Baker
Chief United States District Judge